## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. _____

**FERNANDO RIVERA,**
and all others similarly situated under
29 U.S.C. §216(b),

      Plaintiff(s),

vs.

**MASTEC SERVICES COMPANY, INC.,** and
**DECISIVE COMMUNICATIONS, INC.,**

      Defendants.

_____/

### COMPLAINT

*Collective Action Pursuant to 29 U.S.C. §216(b)*

Plaintiff **FERNANDO RIVERA** ("Plaintiff"), by and through undersigned counsel, hereby respectfully files this Complaint against **MASTEC SERVICES COMPANY, INC.** ("MasTec") and **DECISIVE COMMUNICATIONS, INC.** ("DCI") (collectively hereinafter referred to as "Defendants") and allege as follows:

### Introduction

1.     This is an action by Plaintiff against Defendants for damages in connection to claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.     Plaintiff seeks money damages, reasonable attorneys' fees and costs, and all other remedies, including injunctive relief, allowable by law.

**PERERA ALEMÁN, P.A.**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## Parties, Jurisdiction and Venue

3.      Plaintiff is a former employee of MasTec, and a former employee of DCI which was purchased by MasTec approximately two years ago, and at all material times resided in Broward County, Florida.

4.      Defendant MasTec, a for-profit corporation operating out of Miami-Dade County, Florida, was at all material times authorized to conducts its for-profit business in Florida, as well as other states, and it is otherwise *sui juris*.

5.      Defendant DCI, a for-profit corporation operating out of Miami-Dade County, Florida, was at all material times authorized to conducts its for-profit business in Florida, as well as other states, and it is otherwise *sui juris*.

6.      Defendants were Plaintiff's direct employers, joint employers, and/or co-employers based on successor liability theory, shared operations, financials, and control of employees like Plaintiff.

7.      Venue is proper in this Court because Defendants transact business and regularly perform services for consumers in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

A. **Plaintiff's Employment With Defendants.**

8.      During 2018, Plaintiff was employed by DCI as a non-exempt aerial lineman.

9.      The position of "aerial lineman" overwhelmingly involves manual labor as it requires individuals, like Plaintiff, to physically install, maintain, operate, and/or repair overhead or buried power lines or cabling.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

10.     While employed by DCI, Plaintiff was a full-time employee that regularly worked well beyond forty (40) hours per week.

11.     While employed by DCI, Plaintiff was paid on a piece rate basis.

12.     However, while Plaintiff was employed by DCI there was a failure to fully compensate Plaintiff for all overtime hours worked at a rate of no less than one-and-one-half times Plaintiff's regular rate of pay.

13.     Eventually, during the early months of 2020, MasTec purchased DCI.[1]

14.     After MasTec's purchase of DCI, the operations that governed Plaintiff's work duties remained the same. Indeed, the tools, materials, trucks, and uniforms all remained under DCI but MasTec was parent company of DCI and providing payment for services to employees, like Plaintiff.

15.     Plaintiff continued his aerial lineman work for MasTec and did so on a piece rate basis until on or about January 31, 2022.

16.     Plaintiff continued to work overtime hours and failed to fully receive payment for all overtime hours worked at a rate of no less than one-and-one-half times Plaintiff's regular rate of pay.

17.     Plaintiff's employment ended on February 28, 2022.

---

[1] DCI amended its SunBiz profile with Florida's Division of Corporations on June 3, 2020 to reflect MasTec's legal department as the mailing address. Further, DCI's current SunBiz profile reflects a sharing of executives with MasTec's SunBiz profile.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

### B. **Defendants' Business and Interstate Commerce**

18.    The primary purpose of Defendants MasTec and DCI is to provide engineering, building, installation, maintenance, and upgrades to energy, utility, and telecommunications infrastructure.

19.    Under information and belief, Plaintiff alleges that MasTec's gross annual revenue exceeded $500,000.00 during 2020 and 2021 and is expected to exceed $500,000.00 during 2022.

20.    Under information and belief, Plaintiff alleges that DCI's gross annual revenue exceeded $500,000.00 during 2019, 2020, 2021 and is expected to exceed $500,000.00 during 2022.

21.    MasTec customarily and regularly bought and sold goods and services that crossed state lines.

22.    DCI customarily and regularly bought and sold goods and services that crossed state lines.

23.    At all relevant times, MasTec employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

24.    At all relevant times, DCI employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

25.     Upon information and belief, MasTec obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

26.     Upon information and belief, DCI obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

27.     MasTec, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

28.     DCI, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

29.     MasTec is an employer engaged in interstate commerce and subject to the FLSA.

30.     DCI is an employer engaged in interstate commerce and subject to the FLSA.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

31.     MasTec and DCI must be considered Plaintiff's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**C. Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

32.     Defendants employ numerous other Aerial Linemen that worked and performed duties in the same or similar fashion as Plaintiff.

33.     Defendants employ numerous other Aerial Linemen that were paid in a same or similar fashion as Plaintiff.

34.     Defendants employ numerous other Aerial Linemen that customarily and regularly performed overtime work for which they were not compensated either fully and/or at the correct rate.

35.     Aerial Linemen for Defendants have worked over forty (40) hours a week during the last three (3) years without being paid at a proper time-and-a-half their regular rate of pay for all overtime hours worked.

**COUNT I**
**OVERTIME VIOLATION BY MASTEC SERVICES COMPANY, INC.**
**UNDER THE FAIR LABOR STANDARDS ACT**

36.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

37.     As part of its business, MasTec purchased goods and materials that traveled through interstate commerce.

38.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

39.     Upon information and belief, MasTec obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

40.     MasTec, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

41.     During his employment with MasTec, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

42.     MasTec did not properly compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

43.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

44.     In addition, MasTec is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Enter judgment for Plaintiff against MasTec under the FLSA;

b.   Award Plaintiff actual damages for the unpaid overtime wages;

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

c.   Award Plaintiff liquidated damages;

d.   Award Plaintiff his attorneys' fees and costs;

e.   Award Plaintiff all recoverable interest; and

f.   Award any other relief this Honorable Court deems just and proper.

## COUNT II
## <u>OVERTIME VIOLATION BY DECISIVE COMMUNICATIONS, INC</u>
## <u>UNDER THE FAIR LABOR STANDARDS ACT</u>

45.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

46.   As part of its business, DCI purchased goods and materials that traveled through interstate commerce.

47.   These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

48.   Upon information and belief, DCI obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

49.   DCI, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

50.     During his employment with DCI, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

51.     DCI did not properly compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

52.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

53.     In addition, DCI is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against DCI under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**COLLECTIVE ACTION AGAINST MASTEC SERVICES COMPANY, INC.**
**FOR UNPAID OVERTIME WAGES UNDER THE FLSA**

54.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

55.     MasTec's pattern and practice of depriving full and proper overtime compensation required by the FLSA extended to all Aerial Linemen.

56.     MasTec has employed multiple other Aerial Linemen during the relevant period.

57.     Aerial Linemen for MasTec have worked over forty (40) hours a week and were not being paid at a time-and-a-half their regular rate of pay for all overtime hours worked.

58.     Other similarly situated Aerial Linemen of MasTec were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Enter an order certifying this case as a collective action;

b.   Enter judgment against MasTec under the FLSA;

c.   Award all similarly situated opt-in plaintiffs actual damages for the unpaid overtime wages;

d.   Award all similarly situated opt-in plaintiffs liquidated damages;

e.   Award attorneys' fees and costs;

f.   Award all recoverable interest; and

g.   Award any other relief this Honorable Court deems just and proper.

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**COUNT V**
**COLLECTIVE ACTION AGAINST DECISIVE COMMUNICATIONS, INC**
**FOR UNPAID OVERTIME WAGES UNDER THE FLSA**

59.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

60.    DCI's pattern and practice of depriving full and proper overtime compensation required by the FLSA extended to all Aerial Linemen.

61.    DCI has employed multiple other Aerial Linemen during the relevant period.

62.    Aerial Linemen for DCI have worked over forty (40) hours a week and were not being paid at a time-and-a-half their regular rate of pay for all overtime hours worked.

63.    Other similarly situated Aerial Linemen of DCI were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a.  Enter an order certifying this case as a collective action;

   b.  Enter judgment against DCI under the FLSA;

   c.  Award all similarly situated opt-in plaintiffs actual damages for the unpaid overtime wages;

   d.  Award all similarly situated opt-in plaintiffs liquidated damages;

   e.  Award attorneys' fees and costs;

   f.  Award all recoverable interest; and

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

g. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: March 10, 2022

Respectfully submitted,

**/s/ J. Freddy Perera**
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com
Alexander T. Harne, Esq.
Florida Bar No. 109482
harne@pba-law.com
**PERERA ALEMÁN, P.A.**
12555 Orange Drive
Second Floor
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiff*

**PERERA ALEMÁN, PA**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232