UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20726-DPG

FERNANDO RIVERA, and all others
similarly situated under 29 U.S.C. §216(b),

     Plaintiff,

v.

MASTEC SERVICES COMPANY, INC.,

     Defendant.

_____/

### ORDER

**THIS CAUSE** comes before the Court on the Plaintiff's Acceptance of Defendant MasTec Services Company, Inc.'s ("MasTec") Rule 68 Offer of Judgment (the "Offer"), [ECF Nos. 36; 40]. The Court has considered MasTec's arguments that its Offer of Judgment included all claims as to former Defendant Decisive Communications, Inc. ("Decisive"). The Court finds that the Offer only resolves the claims as to MasTec. The Offer states that it "is made in full settlement of Plaintiff's claims against MasTec . . . ." [ECF No. 40-1 ¶ 2]. The Offer does not mention Decisive by name nor the pending arbitration proceedings between Plaintiff and Decisive. Importantly, MasTec made the Offer when Decisive was no longer a Defendant in the case.[1] Thus, because MasTec is the sole Defendant in this action, the Court may enter judgment as to MasTec only.

    Based thereon, it is

**ORDERED AND ADJUDGED** that, pursuant to Fed. R. Civ. P. 68, the Clerk shall enter judgment in favor of Plaintiff Fernando Rivera and against Defendant MasTec Services Company,

---

[1] Plaintiff filed an Amended Complaint on April 11, 2022, against sole Defendant MasTec. [ECF No. 15].

Inc. in the amount of Fourteen Thousand Five Hundred Dollars and Zero Cents (**$14,500.00**), representing $7,250.00 in alleged unpaid overtime wages plus an equal amount of $7,250.00 in alleged liquidated damages. The Court shall retain jurisdiction to determine an award of reasonable attorneys' fees and costs.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of May, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE