UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20726-Civ-GAYLES/TORRES

FERNANDO RIVERA,

    *Plaintiff*,

v.

MASTEC SERVICES CO., INC.,
DECISIVE COMMUNICATIONS, INC.,

    *Defendants*.

_____/

**ORDER APPROVING FLSA SETTLEMENT,
ORDER DISMISSING ACTION WITH PREJUDICE,
AND REPORT AND RECOMMENDATION TO VACATE ORDER**

This matter is before the Court on the referral of the parties' joint motion for fairness hearing [D.E. 49] and joint notice of settlement [D.E. 47]. The parties consented to the undersigned's disposition of all remaining matters in the action, including the approval of the parties' settlement as well as an Order vacating the Court's earlier Final Judgment signed May 12, 2023 and entered May 15, 2023 [D.E. 45]. The Court referred such matters for final disposition but limited the referral for a Report and Recommendation related to the entry of an agreed order vacating the Judgment.

The Court conducted the fairness hearing on this date, September 20, 2023, at which time the parties placed on the record the material terms of the parties'

1

settlement and the reasoning support their motion for approval of the settlement and for entry of an Order vacating the May 12 Judgment.

It is hereby ORDERED and RECOMMENDED as follows:

1. The parties' motion to approve the FLSA settlement is APPROVED. The Court finds that the material terms of the settlement, which are memorialized on the record of the fairness hearing, are fully enforceable and will therefore Order the parties to comply with its terms. Pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982), the Court finds that the parties' settlement of this action was achieved through representation of all parties by experienced counsel. The parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact. The settlement negotiated and reached by the parties reflects a reasonable compromise of the disputed issues. The parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. The Court finds that the provisions of the parties' agreement are fair and reasonable under the Fair Labor Standards Act.

2. The Court's approval extends to the current named Defendant in the action, Mastec Services Company, Inc., as well as the earlier named co-Defendant, Decisive Communications, Inc. The claims against Decisive were referred for disposition via arbitration but proceedings in that case have not been fully adjudicated. In the meantime, the parties' pending settlement includes all claims against Mastec as well as Decisive. Plaintiff received fair compensation for work undertaken on behalf of both entities and, therefore, good cause exists to approve a

final settlement as against both Defendants.  The approval of this Order will result in final disposition of the proceedings currently in arbitration.

3. Per the parties' settlement terms, all payments due and owing under the Agreement shall be timely made following entry of this Order approving the settlement and dismissing the action.  Based on the record presented and the parties' consent, the Court hereby enters a Final Order Dismissing the entire action, against all named Defendants Mastec and Decisive, with prejudice.  Subject to the terms of the approved settlement, all other fees and costs will be borne by each party.  The case shall remain CLOSED on this basis.

4. Additionally, per the parties' settlement terms, the Court also finds good cause exists to vacate the Court's earlier Judgment against Defendant Mastec, which followed the filing of a notice accepting the terms of an offer of judgment.  Under Rule 60(b), the Court has the power to "relieve a party . . . from a final judgment or order . . . [when] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  A party's settlement of an action may not necessarily be enough to vacate a judgment, unless a further showing is made that good cause or equitable considerations militate in favor of vacating an earlier judgment. *See, e.g., AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1272 (11th Cir. 2009) (citing *Johnson Waste Materials v. Marshall,* 611 F.2d 593, 595 (5th Cir. 1980)).  As in *Johnson Waste,* which also involved an FLSA action, such good cause has been shown here where the parties

agree that the final approved settlement provides further tangible benefit to the parties and the interests of justice than the original judgment. The settlement includes all claims against Defendants Mastec *and* Decisive, and for additional sums and considerations that are not included in the present judgment only as to Mastec. Therefore, equitable considerations favor vacating the original Judgment, especially where the settlement partially satisfies the Judgment but adds additional consideration. Under those circumstances, the Court has strong grounds to exercise its broad discretion to vacate the judgment. The entry of this Order dismissing the action and all claims against all Defendants originally named in the case presents good cause to vacate the Court's May 12 Judgment under its Rule 60(b)(5) and (6) power.

5. The Court thus also enters this Report and Recommendation to the District Judge that he exercise his discretion under Rule 60 and vacate the Court's May 12, 2023 Order/Judgment against Mastec [D.E. 45]. The parties have waived their objection periods for purposes of this Report and Recommendation and request that the Court approve the Recommendation.

**DONE AND ORDERED/SUBMITTED** in Chambers at Miami, Florida, this 20th day of September, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge